UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    Criminal No. 10-20148
                                                                   Civil No.     13-12226

JESSE ALBERT YOUNG,

    Defendant.

                                             /

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO VACATE SENTENCE**

On September 2, 2010, Defendant Jesse Albert Young pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g), possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k), and possession with intent to distribute five or more grams of cocaine base, 21 U.S.C. § 841. On April 14, 2011, the court sentenced Defendant to 37 months' imprisonment as to the firearm offenses, and 60 months' imprisonment as to the drug offence, to run concurrently. The court found that Defendant possessed 9.89 grams of crack cocaine, and imposed the 60-month sentence as the applicable mandatory minimum sentence pursuant to 21 U.S.C. § 841. Currently pending before the court is Defendant's motion to vacate his sentence. For the following reasons, the court will grant Defendant's motion.

**I. BACKGROUND**

After Young's arrest, but before his sentencing, the Fair Sentencing Act ("FSA") became law. The FSA, *inter alia*, increased the amount of crack cocaine needed to

activate the 60-month mandatory minimum sentence from five to twenty-eight grams. *See* Fair Sentencing Act of 2010, 124 Stat. 2372 (Aug. 3, 2010); *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (*en banc*). On December 13, 2011, Defendant filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that the Sentencing Commission's downward realignment of the crack cocaine guidelines necessitated the court's reconsideration of his sentence. Defendant further argued that the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), should apply to reduce his sentence. In *Dorsey*, the Court held that Congress intended the FSA's more lenient penalties to apply to those offenders whose crimes preceded the FSA, but who were sentenced after the FSA's effective date of August 3, 2010. *See id.* at 2331.

On November 8, 2012, the court issued an opinion and order denying Defendant's motion to reduce his sentence because § 3582(c)(2) allowed a sentence reduction only when the court had based its sentence on a sentencing range promulgated by the Sentencing Commission. In contrast, the court sentenced Defendant based on a mandatory minimum sentence required by § 841—not the otherwise applicable guidelines range. The court declined to express a view as to whether a subsequent motion under 28 U.S.C. § 2255 would be timely. (Dkt. # 35, Pg. ID 199.) On May 17, 2013, Defendant filed the instant motion to vacate, arguing that his present sentence is contrary to the Supreme Court's decision in *Dorsey*.

## II. DISCUSSION

The government does not dispute either that Defendant committed his crime prior to the FSA's enactment, or that the court sentenced Defendant after the FSA's effective date. Instead, its only argument in opposition to Defendant's motion to vacate is that Defendant's § 2255 motion is untimely.

Section 2255 allows prisoners a one-year period to file a motion to vacate sentence. This one year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Defendant's sentence became final on May 17, 2011, when his time to pursue a direct appeal became final. Because Defendant did not file the instant motion to vacate until May 17, 2013, his motion is time-barred unless one of § 2255(f)'s other subsections applies.

Defendant argues that his motion is timely because he filed his motion to vacate within one year of the Supreme Court's decision in *Dorsey*, which was decided on June 21, 2012. However, in order to succeed in this argument, *Dorsey* must have also been made "retroactively applicable to cases on collateral review." § 2255(f)(3). The government argues that it is unaware of any case holding that *Dorsey* is retroactively

3

applicable to cases on collateral review, and that this court should decline Defendant's invitation to be the first to do so. *See, e.g., Hughlett v. United States*, Nos. 1:13-CV-204, 1:10-CR-84, 2013 WL 5728733, at *3 n.3 (E.D. Tenn. Oct. 22, 2013) ("the Court's research did not reveal a case specifically stating *Dorsey* was made retroactively applicable to cases on collateral review")*; United States v. Bennett*, Nos. 3:10CR84, 3:12CV524, 2013 WL 170333, at *11 (W.D.N.C. Jan. 16, 2013); *Williams v. United States*, Nos. 8:12-CV-1988-T-24MAP, 8:06-CR-110-T-24MAP, 2012 WL 4792910, at *2 n.3 (M.D. Fla. Oct. 9, 2012).

Each of these cases has little persuasive value. *Hughlett* did not address the issue because the government did not contest the defendant's motion on the basis of timeliness or retroactivity, and instead agreed that the court could vacate and resentence the defendant based on the FSA and *Dorsey*. *Hughlett*, 2013 WL 5728733, at *3 n.3. The court in *Williams* found *Dorsey* inapplicable to the defendant because he had not been convicted of *any* crack cocaine offenses, thereby rendering *dictum* its statement on § 2255(f)(3)'s applicability. *Williams*, 2012 WL 4792910, at *2 n.3. And although *Bennett* initially concluded that *Dorsey* was not retroactive on collateral review, *see id.*, 2013 WL 170333, at *11, the government later waived its statute of limitations argument, and conceded that the defendant was entitled to resentencing. *United States v. Bennett*, Nos. 3:10CR84, 3:12CV524 2013 WL 310345, at *2 (W.D.N.C. Jan. 25, 2013). *See also United States v. Curry*, No. 09-00279, 2013 WL 5530345, at *2 (W.D. La. Oct. 4, 2013).

After the parties concluded briefing on this matter, another judge of this court analyzed § 2255(f)(3)'s applicability to *Dorsey*, and concluded that *Dorsey* did indeed

have retroactive effect. *United States v. Little*, No. 10-20170, 2013 WL 5819629 (E.D. Mich. Oct. 29, 2013) (O'Meara, J.).[1] Like Defendant Young, the defendant in *Little* was arrested for a crime committed pre-FSA, and sentenced for the crime post-FSA. *Id.* at *1. As here, the government also argued that *Bennett* and *Williams* stand for the proposition that no court has held that *Dorsey* is retroactively applicable to collateral review. *Id.* at *2. However, the court rejected the government's suggestion that the court's analysis should begin and end with whether any other courts have recognized a newly established right as retroactively applicable to cases on collateral review.

Instead, the court recognized that, although the Sixth Circuit does not appear to have ruled on the issue,[2] at least three circuits have held that district and appellate courts may determine whether a Supreme Court case applies retroactively to collateral review:

> District and appellate courts, no less than the Supreme Court, may issue opinions "holding" that a decision applies retroactively to cases on collateral review. The jurisdictional (and precedential) scope of that holding differs, but it is a holding nonetheless . . . [P]ermitting a district or appellate court to make the retroactivity decision for an initial petition may be essential to put the question before the Supreme Court for final resolution. . . . Just as a district court possesses jurisdiction to determine its own jurisdiction, it must possess the authority to determine a precondition to the timeliness of an action.

---

[1] The court wonders about the government's sometime concession and sometime opposition to the idea that a defendant is entitled to retroactive collateral relief under § 2255 and *Dorsey*, *see, e.g., Hughlett*, 2013 WL 5728733, at *3 n.3; *Curry*, 2013 WL 553045, at *2; *Bennett*, 2013 WL 310345, at *2; *cf. Little* and the instant case.

[2] *See, e.g., Calhoun v. United States*, No. 13-3508, 2014 WL 3376898, --- F. App'x ----, at *3 (6th Cir. July 10, 2014) (declining to consider whether the defendant's § 2255 motion was timely given the government's forfeiture of the issue).

*Ashley v. United States*, 266 F.3d 671, 673–74 (7th Cir. 2001) (Easterbrook, J.); *See also Garcia v. United States*, 278 F.3d 1210, 1212–13 n.4 (11th Cir. 2002) (assuming that § 2255(f)(3) allows courts other than the Supreme Court to make a retroactivity decision); *United States v. Lopez*, 248 F.3d 427, 431–32 (5th Cir. 2001) (holding that § 2255(f)(3) "does not require that the retroactivity determination . . . be made by the Supreme Court itself). The *Little* court ultimately determined that *Dorsey* did have retroactive effect, that the defendant's § 2255 motion was timely, and that the defendant was entitled to re-sentencing. *Little*, 2013 WL 5819629, at *3–4.

The court finds this line of authority persuasive. By contrast, for a district court to survey federal case law, find that no courts have been able to find any other courts that have considered whether *Dorsey* has retroactive collateral effect, and for that very reason decline to examine the question, is to conduct a circular exercise producing nothing more than a tautology. Accordingly, the court will conduct its own analysis regarding whether *Dorsey* has retroactive collateral effect.

The Sixth Circuit uses a three-part test for determining whether a defendant is entitled to retroactive collateral relief:

> (1) the defendant's judgment must be final when the rule is announced; (2) the rule must in fact be new; and (3) the rule must be either a substantive rule of criminal law or a watershed rule of criminal procedure.

*Jones v. United States*, 689 F.3d 621, 624 (6th Cir. 2012). As stated above, Defendant's sentence became final on May 17, 2011; the Supreme Court issued *Dorsey* over a year later on June 21, 2012. Thus, the first element of the *Jones* test is easily satisfied.

Next, the court considers whether *Dorsey* announced a "new" rule of law. "A

6

holding constitutes a 'new rule' . . . if it breaks new ground, imposes a new obligation on . . . the Federal Government, or was not dictated by precedent existing at the time the defendant's conviction became final." *Graham v. Collins*, 506 U.S. 461, 467 (1993) (quotation marks omitted). Prior to *Dorsey*, circuit precedent dictated that the FSA's more lenient mandatory-minimum penalties did not have retroactive effect. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). *Dorsey* overruled this circuit precedent, and held that for offenders who committed their crimes prior to the FSA's passage, but who were sentenced after its effective date, the FSA's more lenient penalties applied. *Dorsey*, 132 S. Ct. at 2331. Thus, *Dorsey* was a break with circuit precedent, and its holding constituted a new rule of criminal law in this circuit.

The final part of the Sixth Circuit's test asks whether the rule is a "substantive rule of criminal law or a watershed rule of criminal procedure." *Jones*, 689 F.3d, at 624. Substantive rules are:

> decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. . . . Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.

*Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004) (quotation marks and internal citations omitted). In contrast, procedural rules:

> merely raise the possibility that someone convicted with use of invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*Id.* at 352 (internal quotation marks omitted). Where a rule "substantially alter[s] the

punishment certain categories of defendants . . . face for a crime," such as by altering a mandatory minimum, it is properly characterized as a substantive rule and therefore has retroactive effect. *Jones*, 689 F.3d at 625.

In Defendant's case, there is little doubt that application of *Dorsey* would alter the Defendant's sentence. As stated *supra*, the court found that Defendant possessed 9.89 grams of crack cocaine, which triggered a 60-month mandatory minimum sentence. The FSA, held for the first time in *Dorsey* to apply to offenders in Defendant's situation, increased the amount of crack cocaine necessary to impose the mandatory minimum sentence from five to twenty-eight grams. In other words, pre-*Dorsey*, a 60-month mandatory minimum sentence applied to Defendant; post-*Dorsey*, no mandatory minimum sentence would apply. Because the court based Defendant's sentence on a mandatory minimum required by statute, and not the applicable post-FSA guidelines range, the court imposed a mandatory-minimum sentence that the law did not authorize. *See Schriro*, 542 U.S. at 352. *Dorsey*'s rule is properly characterized as substantive, thereby meeting the final element for retroactivity under the *Jones* test. *Jones*, 689 F.3d at 624; *see also Little*, 2013 WL 5819629, at *3–4.

Defendant filed his motion to vacate within one year of *Dorsey*. Therefore, his motion is timely under § 2255(f)(3). Given that the government does not contest that *Dorsey* would otherwise apply to Defendant, the court will grant Defendant's motion to vacate and re-sentence Defendant in accordance with this opinion.

### III. CONCLUSION

IT IS ORDERED that Defendant's "Motion to Vacate Sentence under 28 U.S.C. 2255" (Dkt. # 36) is GRANTED. The court will resentence Defendant at a date to be scheduled.

IT IS FURTHER ORDERED that counsel for both parties are DIRECTED to appear for a status conference on **August 14, 2014 at 2:00 pm.** Defendant's presence at the status conference is unnecessary.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: July 31, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522